UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| HILDA RIVERA,<br><br>        Plaintiff,<br><br>   vs.<br><br>PIONEER COMMODITIES, LLC and PETER MEENDERINCK, an adult individual,<br><br>        Defendants. | Case No. 3:22-cv-05176<br><br>NOTICE OF REMOVAL TO FEDERAL COURT |

TO:      The Clerk of the Court;

AND TO:  Plaintiff Hilda Rivera.

PLEASE TAKE NOTICE that defendants Pioneer Commodities, LLC and Peter Meenderinck, by and through their undersigned counsel, hereby give notice of the removal of this action to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiff's Summons and Complaint are captioned in the Superior Court of Washington In and For the County of Pierce.

Removal is proper on the following grounds:

NOTICE OF REMOVAL - 1
*Rivera v. Pioneer Commodities LLC., et al.,* Case No. 3:22-cv-05176

**SEBRIS BUSTO JAMES**
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

**PROCEDURAL BACKGROUND**

1. On February 26, 2022, Plaintiff Hilda Rivera ("Plaintiff") initiated this action against Defendants by serving her complaint and summons by personal service on defendant Meenderinck. A copy of Plaintiff's Summons and Complaint is attached hereto as **Exhibit A**. Plaintiff's Summons and Complaint are captioned in the Superior Court of Washington In and For the County of Pierce. Under Washington law, an action shall be deemed commenced when the complaint is filed or summons is served, whichever occurs first. Here, Plaintiff served her Summons and Complaint. Based on reasonable inquiry and belief, as of the filing of this Notice of Removal, Plaintiff has not filed the Complaint in Pierce County Superior Court. Although Plaintiff has not yet filed her Complaint, the time to remove is triggered by service of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Alderson v. Delta Air Lines, Inc.*, No. C18-1374JLR, 2018 BL 388996, at *2 (W.D. Wash. Oct. 22, 2018); *see also* Wash. Civil Rule 3; RCW 4.28.020.

2. Plaintiff's Complaint asserts seven causes of action, alleging that Defendants: (1) harassed and discriminated against her because of gender and national origin in violation of the Washington Law Against Discrimination; (2) intentionally inflicted emotional distress; (3) negligently inflicted emotional distress; (4) committed defamation/slander; (5) invaded her privacy; (6) wrongfully discharged her; and (7) retaliated against her for her complaints of workplace harassment and seeking medical care because of a workplace injury. Ex. A.

**GROUNDS FOR REMOVAL**

3. Pursuant to 28 U.S.C. § 1332(a), this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

NOTICE OF REMOVAL - 2
*Rivera v. Pioneer Commodities LLC., et al.,* Case No. 3:22-cv-05176

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

1  interest and costs is between – (1) citizens of different States[.]" The Complaint, itself, lays out
2  diversity jurisdiction.

3      4.    The Complaint alleges that Plaintiff is an individual residing in Benton County,
4  Washington. Ex. A, Compl. ¶3.2. Plaintiff is a citizen of Washington for diversity purposes.

5      5.    The Complaint alleges that defendant Meenderinck resides in Umatilla County,
6  Oregon. *Id.*, Compl. ¶2.5. It then alleges that defendant Meenderinck is the "owner and officer"
7  for defendant Pioneer Commodities LLC. *Id.*, Compl. ¶2.6. It next alleges that defendant Pioneer
8  Commodities LLC is an Idaho limited liability company doing business in Yakima County,
9  Washington. *Id.*, Compl. ¶2.4.

10      6.    A corporation shall be citizen of every state in which it has been incorporated or
11  where it has its principal place of business. The state of Idaho is where defendant Pioneer
12  Commodities LLC was incorporated and has its primary place of business. It is a limited liability
13  company. Under LCR 101(f), defendants are required to identify the citizenship of the members
14  of such an entity to establish jurisdiction. The citizenship of a limited liability company is
15  determined by examining the citizenship of the owners/members. *Johnson v. Columbia Props.*
16  *Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a
17  citizen of every state of which its owners/members are citizens"). The members and managers of
18  defendant Pioneer are Peter Meenderinck who resides in the state of Idaho and Tressa Meenderinck
19  who resides in the state of Oregon.

20      7.    Based on the citizenship of the parties, there is complete diversity of citizenship.
21  28 U.S.C. §1332(a)(1).

22      8.    Although Plaintiff's Complaint does not allege a specific dollar amount,
23  Defendants have a good faith belief that the amount in controversy exceeds $75,000. Pursuant to
24

NOTICE OF REMOVAL - 3
*Rivera v. Pioneer Commodities LLC., et al.,* Case No. 3:22-cv-05176

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

LCR 101(a), a reasonable person reading the Complaint would conclude that Plaintiff is seeking damages in an amount greater than the minimum jurisdictional amount of this Court. Plaintiff seeks, among other things, "compensation for past and future pecuniary losses resulting from the unlawful employment practices"; "compensation for past and future nonpecuniary losses resulting from the unlawful practices"; lost wages and punitive damages amounting to twice the amount of willfully withheld wages pursuant to RCW 49.52 et seq." Ex. A, Compl. at XIV. *See* LCR 101(a); *see also Michels v. Geico Ins. Agency, Inc.*, 2012 U.S. Dist. LEXIS 165111, at *6-7 (W.D. Wash. Nov. 19, 2012) (amount-in-controversy requirement satisfied where defendant had good faith belief, based on claims asserted in complaint, that Plaintiff sought more than $75,000). Defendant has attached several jury verdicts to counsel's declaration exceeding the $75,000 amount in controversy threshold. Feider Dec., Ex. B.

9. Plaintiff further seeks an award for "all of the recoverable costs of this action, attorneys' fees and prejudgment interest." Ex. A, Section XIV. The Ninth Circuit has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interests and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). In individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum, especially when a plaintiff's claims, like those here, are unlikely to be immediately resolved. *See*, *e.g.*, *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("The Court nots that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages"); *Haase v. Aerodynamics, Inc.*, 2009 U.S. Dist. LEXIS 96563, 14-15 (E.D. Cal. Oct. 16, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum").

NOTICE OF REMOVAL - 4
*Rivera v. Pioneer Commodities LLC., et al.,* Case No. 3:22-cv-05176

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

Here, Defendants have a good faith belief that Plaintiff's counsel attorneys' fees will exceed $75,000.00.

10. Therefore, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Defendant Meenderinck was served with the Summons and Complaint on February 26, 2022. The Notice of Removal has thus been timely filed pursuant to 28 U.S.C. § 1446(b) because Defendants filed it within thirty (30) days of receipt of the initial pleading through service or otherwise.

12. Both defendant Pioneer Commodities LLC and defendant Meenderinck consent to this removal.

13. In accordance with 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders" served on or received by Defendants in this action are attached at Exhibit A. There are no pending motions in the underlying state court matter. Defendants will file a Verification of State Court Records as required by LCR 101(c).

14. The filing of this Notice of Removal in the United States District Court for the Western District of Washington, written notice of removal will be given to Plaintiff through her counsel who effectuated the service of the Complaint. Defendants will promptly serve on Plaintiff and file with the Superior Court of Washington In and For the County of Pierce, a Notice of Filing of Notice of Removal to Federal Court, as required by 28 U.S.C. § 1446(d). A copy of the notice, without exhibits, is attached hereto at **Exhibit B**.

NOTICE OF REMOVAL  - 5
*Rivera v. Pioneer Commodities LLC., et al.,* Case No. 3:22-cv-05176

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

## INTRADISTRICT ASSIGNMENT

15. Under 28 U.S.C. § 1441(a) and LCR 3(e), assignment to the United State District Court for the Western District of Washington, Tacoma Division is proper because Plaintiff entitled this action for the Superior Court of Washington In and For the County of Pierce. This Action would be pending in this District Court of the United States. Defendants note that Plaintiff worked for defendant Pioneer Commodities in Yakima County, Washington and Plaintiff served her Summons and Complaint on Defendant Meenderinck in Oregon.

## RESERVATION OF RIGHTS

16. This Notice of Removal is filed subject to and with the full reservation of all rights and defenses under federal or state law, including but not limited to defenses and objections to forum, venue, improper service and personal jurisdiction. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that Plaintiff is entitled to or otherwise may recover any of the amounts described above.

WHEREFORE, Defendants respectfully request that the above action, now pending before the Superior Court of Washington In and For the County of Pierce, be removed to the United States District Court for the Western District of Washington, and that no further proceedings be had in this case in the Superior Court of Washington In and For the County of Pierce.

//
//
//
//

NOTICE OF REMOVAL - 6
*Rivera v. Pioneer Commodities LLC., et al.,* Case No. 3:22-cv-05176

**SEBRIS BUSTO JAMES**
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

1  Dated Tuesday, March 22, 2022:

Respectfully submitted,

## SEBRIS BUSTO JAMES

s/Darren A. Feider
Darren A. Feider, WSBA #22430
Email: dfeider@sbj.law
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

Attorney for Defendants

NOTICE OF REMOVAL - 7
*Rivera v. Pioneer Commodities LLC., et al.,* Case No. 3:22-cv-05176

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233