# Exhibit A

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# COUNTY OF PIERCE

| | |
|---|---|
| HILDA RIVERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PIONEER COMMODITIES LLC and<br>PETER MEENDERINCK, an adult<br>individual<br><br>　　　　　Defendants. | NO.<br><br>**SUMMONS** |

**TO THE DEFENDANTS:** A lawsuit has been started against you in the above-entitled court by plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense, in writing, and serve a copy upon the undersigned attorney for the plaintiff within twenty (20) days after service of this summons (or within forty (60) days after service if you were served outside the state of Washington), excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what plaintiff asks for because you have not responded. If you serve a notice of

SUMMONS - 1

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2000 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Superior Court Civil Rule 4.

DATED this 25th day of February, 2022.

> LASHER HOLZAPFEL
> SPERRY & EBBERSON, P.L.L.C.
>
> By: *s/ Robin Williams Phillips*
> Robin Williams Phillips, WSBA #17947
> James R. Blankenship, WSBA #48218
> Attorneys for Plaintiff

SUMMONS - 2

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF PIERCE

| | |
|---|---|
| HILDA RIVERA,<br><br>    Plaintiff,<br><br>v.<br><br>PIONEER COMMODITIES LLC and PETER MEENDERINCK, an adult individual<br><br>    Defendants. | NO.<br><br>COMPLAINT FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, SEXUAL HARASSMENT, WILLFUL WITHHOLDING OF WAGES, NATIONAL ORIGIN DISCRIMINATION, RETALIATION, WRONGFUL DISCHARGE, DEFAMATION AND INVASION OF PRIVACY |

COMES NOW Plaintiff Hilda Rivera, by and through her attorneys, Lasher Holzapfel Sperry & Ebberson, P.L.L.C., and for causes of action against the named defendants states and alleges as follows:

## I.   PRELIMINARY STATEMENT

1.1   This is an action under the Washington Law Against Discrimination, RCW 49.60 *et seq.*; Washington's Minimum Wage Act, RCW 49.52 *et seq.*; and Washington common law for declaratory injunctive relief compensatory and monetary damages, costs, and attorney's fees. Plaintiff alleges that defendants harassed her on the basis of sex and ethnicity. During the time she

COMPLAINT - 1

LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

worked for defendant Pioneer Commodities, LLC (hereinafter referred to as "Pioneer"), Plaintiff was a non-exempt employee. After she informed Defendant Pioneer that she was being harassed, defendant failed to provide Plaintiff with a safe working environment and retaliated against her.

1.2     Plaintiff further alleges that Defendants committed the torts of intentional and negligent infliction of emotional distress, negligent supervision and retention, retaliation, and wrongful discharge. Plaintiff seeks injunctive relief, compensatory damages and all other damages allowed by law, and payment of costs and attorneys' fees.

## II.     JURISDICTION AND VENUE

2.1     Plaintiff herein incorporates by reference the foregoing paragraphs of Plaintiff's Complaint as if set forth herein at length.

2.2     This Court has jurisdiction pursuant to RCW 4.92.010 et seq.

2.3     This action arises under RCW 49.52 et seq., RCW 49.60 et seq., and Washington State common law.

2.4     At all relevant times, defendant Pioneer is an Idaho corporation doing business in Pierce County in the State of Washington, and employing eight or more employees.

2.5     At all relevant times, defendant Peter Meenderinck resides in Umatilla County, Oregon and has a place of business in Yakima County, Washington.

2.6     At all relevant times, defendant Peter Meenderinck has been the owner and officer for Pioneer and has acted in a managerial and supervisory capacity on behalf of the Pioneer Trucking.

2.7     At all relevant times, defendant Peter Meenderinck has acted on behalf of the marital community.

2.8     All acts complained of herein were committed by defendants while residing and/or doing business in Yakima County, Washington.

2.9     Declaratory injunctive and equitable relief is sought pursuant to RCW 49.60 et seq.

2.10    Costs and reasonable attorney's fees may be awarded pursuant to RCW 49.52 et seq., RCW 49.60.030 et seq., and other Washington statutes.

COMPLAINT - 2

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 Two Union Square
601 Union Street
Seattle WA 98101-4000
Telephone 206 624-1230
Fax 206 340-2563

### III. STATEMENT OF CLAIMS

3.1  Plaintiff herein incorporates by reference the foregoing paragraphs of plaintiff's Complaint as if set forth herein at length.

3.2  Plaintiff Hilda Rivera had been employed by defendant Pioneer since May 2019. Plaintiff was initially hired as a scale clerk, administrative assistant, and receptionist being paid $19 per hour. She is a citizen and resident of the United States and resides in Benton County, Washington.

3.3  At all times hereto, Pioneer was and is responsible for all acts committed by its agents, representatives, and employees.

3.4  During her employment, Plaintiff performed her duties well above expectation and had always received exceptional performance reviews and feedback until she objected to the hostile work environment.

3.5  At all material times hereto, Defendant Peter Meenderinck was in a directly superior position to Plaintiff, and he could and did supervise and direct her work activities.

3.6  Defendant Peter Meenderinck is a white male and an owner of Pioneer who, during the course of his employment, supervised plaintiff. Plaintiff is a Hispanic female.

3.7  Defendant Meenderinck targeted Ms. Rivera due to her gender and ethnicity. Toward that goal, Meenderinck, unlike other hourly employees, failed to pay the plaintiff overtime for hours worked in excess of 40 hours per week.

3.8  During the period of plaintiff's employment, she was a nonexempt employee entitled to overtime. Her duties included administrative assistant, receptionist, and salesclerk. She was paid an hourly straight time rate of $19 per hour. During this time, it was common for Plaintiff to stay until 8:00 or 8:30 at night working approximately 50 to 60 hours per week. Defendant failed to pay Plaintiff time and half for hours in excess of 40 hours per week.

3.9  In the spring of 2020, Plaintiff complained to the individual defendant that she was working far in excess of 40 hours per week, and she felt that she needed a promotion and a salary. At that time, Plaintiff became a salaried employee and was provided a $48,000 per year salary.

COMPLAINT - 3

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

3.10    During the remainder of her employment, Plaintiff worked on average 14 to 16 hours a day 6 days per week, her duties included: answering phones, working as a scale clerk, working as an administrative assistant, assisting in inventory, preparing load schedules, sending reminders to truckers, and communicating with truckers as they were on route.

3.11    None of these job duties and responsibilities fall within any exception to the requirement under Washington's minimum wage act to pay for overtime.

3.12.   In the summer of 2020, the defendant hired Kent Barnard as a commodities trader.

3.13    In July 2020, the defendant began asking the plaintiff to take over certain dairy accounts and begin training as commodities trader. During the summer 2020, Plaintiff spent about four hours per day training as a commodities trader. She spent six additional hours a day answering phones, entering data, preparing daily reports, traveling to dairies, and scheduling truck maintenance. She also spent a significant amount of time between 4 PM to midnight as a dispatcher.

3.14    During her employment, the individual defendant became verbally abusive to the plaintiff.

3.15    In early 2019, the individual defendant was aware the plaintiff was having marital issues. During conversations, he inappropriately asked her what kind of makeup sex plaintiff and her husband had.

3.16    During the course of her employment, individual defendant made inappropriate comments regarding her ethnicity. For example, when an employee quit without notice, individual defendant referred to it as a "Mexican" thing to do. Often, if an employee made a mistake on a job, individual defendant would say that the employee did a "Mexican job on that." Individual defendant would also comment negatively on Hispanic accents and stated that Mexican accents make the company look bad. In late 2020 or early 2021, Plaintiff had a conversation with individual defendant about the caravans of Honduran immigrants. He responded that the US didn't need any more Mexicans. Plaintiff pointed out that Hondurans are not Mexicans. In response, the individual defendant said "they're all beaners as far as I'm concerned. They are not welcome here."

COMPLAINT - 4

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

3.17   On one occasion, individual defendant phoned the plaintiff on her cell phone. She was in the middle of handling work related issues and his call went to her voicemail. He called again and when she answered he told her, "I'm your fucking boss, you better answer when I call…. Not answering my call was a total Mexican move". He also added that he needed to hire someone with balls and not a "fucking cunt."

3.18   On another occasion, individual defendant observed the plaintiff scratching her nose. In response individual defendant said "the Mexican guys at the dairy pick their nose too. Is that a Mexican thing? Don't they use Kleenex in Mexico?"

3.19   On one occasion, two Latina women who he rents homes to and who also work at the dairy were arguing because of a school bus stop issue. Individual defendant said that they were arguing like two little Chihuahua dogs. He then mocked these women by saying "yo quiero Taco Bell."

3.20   In or about October 2020, the individual defendant discussed his political views and stated that "all Mexican's were rapists and drug dealers." The individual defendant would compel Plaintiff's agreement with these statements out of fear of losing her accounts or job. He proceeded to comment that "stereotypes always have some truth to them, like most Mexicans being murders and rapist, and we don't need anymore of those people here.".

3.21   Individual defendant's comments were also sexual in nature. His remarks included remarks such as "dairy men need something pretty to look at." "I need you to stay young looking." "Looks help with the dairy men."

3.22   Individual defendant also inappropriately touched the plaintiff by stroking her hair. At one point, the individual defendant stuck his finger in the plaintiff's ear asking about her airpods.

3.23   In October 2020, Plaintiff was on her way to meet with a particular dairy man. The individual defendant took the pen that he had in his hand and flicked the plaintiff in her breast and told her that she should "show him your boobs".

3.24   Individual defendant also said, "those dairy men like Latinas with big boobs."

COMPLAINT - 5

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

3.25     During multiple occasions in 2020 and 2021, other employees watched pornographic videos in the office with the volume loud enough to be heard by Plaintiff and others in the office. Plaintiff complained to Defendant Meenderinck and Pioneer about the activity. Defendant Meenderinck and Pioneer refused to curtail the activity and continued to subject Plaintiff to hearing these videos.

3.26     On one occasion, the individual defendant had a screwdriver or wrench in his hand. He and the plaintiff were in the mill room inspecting the mill. As they were walking out, individual defendant poked the plaintiff in her bottom and in her low back and said "I see you're putting on some weight.... Not good for your sales."

3.27     On another occasion, the plaintiff asked to take a day off to take care of personal business. Individual defendant harassed her to find out why she needed the day off. He wanted to know if she was looking for another job. Finally, the plaintiff indicated that she was going to the doctor for a checkup. Individual defendant responded and asked if the plaintiff was going to have to "spread eagle."

3.28     Individual defendant's denigration of the plaintiff continued. In November 2020, individual defendant got very angry with the plaintiff and spat on her twice. Each day he degraded her and sent her cruel emails. He routinely called her a "stupid woman."

3.29     In or about November 2020, plaintiff had had enough of the degrading behavior including being sexually and ethnically harassed. She complained directly to the individual defendant that she felt she was being harassed. She told the individual defendant that he was not to touch her or yell at her or degrade her any longer. In response, individual defendant told the plaintiff that he was taking away some of her customers and reassigning them to a male Caucasian employee and was told to move her desk back to the front of the office in the reception area from her private office in the back.

3.30     Those customers were in fact taken away from the plaintiff and reassigned to a male Caucasian employee.

COMPLAINT - 6

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

3.31 Plaintiff again complained to Defendant Meenderinck and Pioneer in February 2021, about degrading behavior, sexual and ethnicity harassment, and gender discrimination. Defendant Meenderinck did nothing to address her complaint. Rather his abusiveness only escalated.

3.32 The day after her complaints, individual defendant's degrading conduct escalated. He called her on the phone and directed her to crawl up onto a tank and check how full the tank was. In coming down from the tank, plaintiff slipped and fell to the ground. Plaintiff immediately telephoned individual defendant to let him know that she had suffered a work-related injury. She also told him that she needed to go to the hospital. In response she was told "you better not go to the hospital, if you go, you can kiss your job goodbye."

3.33 Despite these threats, plaintiff went to the hospital. At the same time, individual defendant drove to the hospital from the Company's Oregon site. In the hospital, he took away the plaintiff's company phone, company keys, her company car, and access to company email and effectively fired her. At or around this time, he also told the plaintiff "And that's exactly why I needed a male doing your job."

3.34 Plaintiff's termination was in retaliation for her complaints of inappropriate work conduct and for filing a worker's compensation claim.

3.35 The environment of harassment and discrimination was hostile and abusive towards women and Hispanics, and unreasonably interfered with many female and Hispanic employees' work performance. Said environment created an intimidating, hostile, and offensive working environment.

3.36 Plaintiff was the subject of verbal, sexual and ethnic innuendo and has suffered as a result of the sexually charged and anti-Hispanic atmosphere.

3.37 All those persons participating in the harassment and discriminatory, conduct directed towards the plaintiff and other similarly situated females and Hispanics, including individual defendant, held superior positions and management roles at Pioneer Trucking with immediate or successor authority over plaintiff.

COMPLAINT - 7

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 Two Union Square
601 Union Street
Seattle WA 98101-4000
Telephone 206 624-1230
Fax 206 340-2563

3.38    Plaintiff personally objected to the hostile atmosphere and communicated those objections to the individual defendant. Defendant took no effectual action to stop the harassment directed at women and Hispanics despite actual and/or constructive knowledge of such unlawful activity.

3.39    Plaintiff found defendant's harassing conduct to be wholly unwelcome, and experienced substantial and enduring emotional distress as a direct result of defendant's conduct. Defendants acted in total disregard of the high probability of causing emotional distress to the plaintiff, in that, defendants knew, or should have known there was a high degree of probability that emotional distress would result to plaintiff from the harassment and discrimination and defendants acted in conscious disregard of those probable results.

3.40    The unlawful employment practices complained of in the above paragraphs were intentional and willful.

3.41    The unlawful employment practices complained of in the above paragraphs were done with malice or with reckless indifference to plaintiff's rights as protected by state laws.

3.42    Defendants had a duty to refrain from inflicting emotional distress upon the plaintiff, but negligently breached this duty. As a result of this breach of duty by defendants, plaintiff suffered damages in an amount to be proven at trial.

3.43    Defendants acted intentionally or recklessly, thereby causing severe emotional distress to plaintiff. As a result of this breach of duty by defendants, plaintiff suffered damages in an amount to be proven at trial.

3.44    Defendant Pioneer failed to act to eliminate the harassment, discrimination, and retaliation at its facilities, and was negligent in its supervision and its retention of its managers, supervisory employees and other employees, thus breaching a duty it owed to plaintiff. As a result of this breach of duty, plaintiff suffered damages in an amount to be proven at trial.

3.45    As a result of defendants' conduct, plaintiff has suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other non-pecuniary losses.

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

## IV. FIRST CAUSE OF ACTION: WASHINGTON LAWS AGAINST DISCRIMINATION

4.1 Plaintiff incorporates herein by reference all the foregoing paragraphs of her Complaint as if fully set forth herein at length.

4.2 The above-described harassment on the basis of sex and national origin is a violation of RCW 49.60 *et seq.*, and Washington common law.

4.3 Plaintiff was a victim of verbal, sexual, and ethnic harassment and discrimination by the defendants, which would not have occurred but for her sex and/or ethnicity. The harassment was sufficiently pervasive so as to affect the terms, conditions and/or privileges of employment by creating an intimidating, hostile and offensive working environment that any woman and/or Hispanic would have found offensive. The actions made against plaintiff by defendants were due to plaintiff's gender and/or national origin, and were not accidental, but were intentional, inappropriate, and demeaning in nature.

4.4 Defendant Pioneer knew, or should have known, of the hostile and offensive working environment created and sustained by its agents and employees, all of whom held a supervisory position at all times during the aforementioned harassment. Pioneer took no action against various employees and agents and did nothing to stop the retaliatory actions taken against plaintiff after she complained of the harassment.

4.5 Defendant Pioneer is strictly liable for the actions of its agents and employees, and it knew or should have known of the unlawful conduct, as its agents were direct or tacit participants in the unlawful discriminatory and retaliatory acts. Defendants were negligent in failing to remedy, deter, or otherwise correct the unlawful discrimination and retaliation directed towards plaintiff, which was perpetuated, conducted and condoned by its own agents and employees. Such inaction on the part of the corporate defendant constituted a reckless indifference to the protected rights of plaintiff.

4.6 The unlawful employment practices complained of above were intentional.

COMPLAINT - 9

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

4.7     The unlawful employment practices complained of above were done with malice or with reckless indifference to the unprotected rights of the plaintiff.

4.8     As a result of defendants' unlawful employment practices, plaintiff has been harmed in an amount to be proven at trial.

## V.     SECOND CAUSE OF ACTION:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5.1     Plaintiff hereby incorporates by reference the foregoing paragraphs of plaintiff's Complaint as if set forth herein at length.

5.2     Defendants acted in conscious disregard of the high probability of causing emotional distress to plaintiff. Defendants knew, or should have known, there was a high degree of probability that emotional distress would result to plaintiff from the harassing, discriminatory and retaliatory conduct. Knowing this, defendants acted in conscious disregard of those probable results.

5.3     Defendants engaged in acts of harassment and discrimination based upon gender and ethnicity, which caused plaintiff to suffer emotional distress and mental suffering. Defendants are liable for the intentional infliction of emotional distress and mental suffering incurred by the plaintiff in the past, present and future.

5.4     Defendants are vicariously liable under the doctrine of *respondeat superior* for its agent's actions that caused plaintiff to suffer emotional distress and mental suffering, and by way of its failure to take reasonably prompt and adequate corrective action calculated to end the harassment, discrimination and retaliation. Defendants are thus liable for the intentional infliction of emotional distress and mental suffering incurred by the plaintiff in the past, present and future.

## VI.     THIRD CAUSE OF ACTION:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

6.1     Plaintiff herein incorporates the foregoing paragraph of plaintiff's Complaint as if set forth herein at length.

COMPLAINT - 10

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

6.2    Defendants acted in a negligent disregard of the high probability of causing emotional distress to plaintiff in that defendants knew or should have known that there was a high degree of probability that emotional distress would result to plaintiff from the unwelcomed harassment, discrimination, and retaliatory conduct. Knowing this, defendants acted in negligent disregard of those probable results.

6.3    Defendants acted negligently in their conduct, knowing that emotional distress would result to plaintiff from the harassing, discriminatory and retaliatory conduct. Knowing this, the defendants acted in conscious disregard.

6.4    Certain acts of harassment and retaliation engaged in by defendants' agents caused plaintiff to suffer emotional distress and mental suffering incurred by the plaintiff in the past, present, and future.

### VII.    FOURTH CAUSE OF ACTION:  DEFAMATION/SLANDER

7.1    Plaintiff herein incorporates by reference the foregoing paragraphs to plaintiff's complaint as if set forth herein at length.

7.2    At all material times hereto, defendant Meenderinck and other agents, employees, and representatives of Pioneer communicated false and misleading information about the plaintiff to third parties.

7.3    At all material times hereto, the dissemination of such false information was deliberate, intentional, and premeditated in nature.

7.4    At all material times hereto, the nature of the content of the information concerned both plaintiff's private life and professional reputation.

7.5    As a direct and proximate result of defendants' slanderous conduct, plaintiff has been harmed in an amount to be proven at trial.

### VIII.    FIFTH CAUSE OF ACTION:  INVASION OF PRIVACY

8.1    Plaintiff herein incorporates by reference the foregoing paragraphs of plaintiff's complaint as if set forth herein at length.

COMPLAINT - 11

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

8.2     At all material times hereto, defendants through its agents, employees, and representatives engaged in an unwarranted intrusion into plaintiff's private affairs, activities, and seclusion.

8.3     At all material times, such intrusion by the defendants was intentional and malicious and done with reckless disregard of plaintiff's privacy.

8.4     At all material times hereto, defendant publicly disclosed and supported the publication and dissemination of plaintiff's personal matters, including but not limited to, defendant's false assertion of plaintiff's extramarital affair.

8.5     Such disclosure and dissemination of private information, whether true or untrue was highly offensive to the reasonable person and done with malicious intent without any legitimizing reason.

8.6     As a direct and proximate result of defendants' illegal activities, plaintiff has been damaged in an amount to be proven at trial.

### IX.     SIXTH CAUSE OF ACTION:  WRONGFUL DISCHARGE

9.1     Plaintiff herein incorporates by reference the foregoing paragraphs of plaintiff's complaint as if set forth herein at length.

9.2     At all material times hereto, plaintiff was successfully employed by Pioneer.

9.3     Plaintiff was wrongfully terminated from employment based upon plaintiff's exercise of statutorily protected rights, to wit, voicing her objections to sexually offensive conduct and seeking treatment for and reporting a work related injury.

9.4     Said termination was intentional and wrongful and violates the laws of the State of Washington.

9.5     As a result of defendants' illegal conduct, plaintiff has been injured in an amount to be proven at trial.

### X.     SEVENTH CAUSE OF ACTION:  RETALIATION

10.1    Plaintiff herein incorporates the foregoing paragraphs to plaintiff's complaint as if set forth herein at length.

COMPLAINT - 12

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 Two Union Square
601 Union Street
Seattle WA 98101-4000
Telephone 206 624-1230
Fax 206 340-2563

10.2    At all material times hereto, plaintiff was successfully employed by Pioneer.

10.3    Pioneer engaged in a pattern and practice of retaliating against the plaintiff for plaintiff's complaints of harassment in the workplace and for plaintiff seeking medical care an reporting a work related injury. Plaintiff's complaints included those made to her immediate supervisor, Peter Meenderinck.

10.4    Pioneer engaged in retaliatory acts including, but not limited to, bullying, negative feedback, demotion, discharge, and defamation.

10.5    Each of those actions are adverse employment actions.

10.6    As a direct and proximate result of defendants' retaliatory conduct, plaintiff has been damaged in an amount to be proven at trial.

### XIV.    PRAYER FOR RELIEF

Wherefore, Plaintiff HILDA RIVERA respectfully requests that this Court:

(1)    Grant a permanent injunction enjoining defendants, their officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the unlawful bases detailed above;

(2)    Order defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of their past and present unlawful employment practices;

(3)    Order defendants to make plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

(4)    Order defendants to make plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses and lost benefits, in amounts to be determined at trial;

(5)    Order defendants to make plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the above

COMPLAINT - 13

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

paragraphs, including without limitation emotional pain, suffering, anguish, and loss of enjoyment of life, damage to reputation in amounts to be determined at trial;

(6) Award plaintiff lost wages and punitive damages amounting to twice the amount of willfully withheld wages pursuant to RCW 49.52 et seq.

(7) Award plaintiff all of the recoverable costs of this action, attorneys' fees and prejudgment interest.

(8) Grant any additional or further relief as provided by law which this Court finds appropriate, equitable, or just.

DATED this 25th day of February, 2022

LASHER HOLZAPFEL
SPERRY & EBBERSON, P.L.L.C.


By :s/ Robin Williams Phillips
Robin Williams Phillips, WSBA #17947
James R. Blankenship, WSBA #48218
Attorney for Plaintiff Hilda Rivera

COMPLAINT - 14

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563